### 16073. MILLER *v.* MAYOR AND ALDERMEN OF SAVANNAH.

"Where a city maintains a park primarily for the use of the public, intended as a place of resort for pleasure and promotion of health of the public at large, its operation is in virtue of the governmental powers of the municipality, and no municipal liability would attach to the non-performance or improper performance of the duties of the officers, agents, or servants of the city in respect to keeping the park safe for use by members of the general public." *Cornelisen* v. *City of Atlanta,* 146 *Ga.* 416 (1) (91 S. E. 415). See also *City of Warrenton* v. *Smith,* 149 *Ga.* 567 (101 S. E. 681) ; *Miller* v. *City of Macon,* 152 *Ga.* 648 (110 S. E. 873).

> DECIDED MARCH 3, 1925.

Action for damages; from city court of Savannah—Judge Freeman. October 21, 1924.

*J. R. Fawcett, Edwin A. Cohen,* for plaintiff.

*F. P. McIntire,* for defendant.

BLOODWORTH, J. Mrs. Miller brought suit for personal injuries against the Mayor and Aldermen of the City of Savannah. She alleged in part that while crossing Forsyth Park in said city "her toe caught in a piece of upturned cement of the sidewalk where the said cement sidewalk had been in some way broken and cracked, leaving a piece several inches long and several inches wide

upturned about two inches;" that she was thrown heavily on her side and severely injured. On the trial of the case the plaintiff supported by evidence the allegations of her petition. The defendant introduced in evidence a section of the code of the City of Savannah,—a codification of an ordinance passed in 1851,—which showed that the place where the plaintiff was injured was in certain boundaries which were "forever set apart as a public park." Other evidence showed that this park was still in use as such by the public; that the walk on which plaintiff was walking when she fell "had been used for a walk since the fifties;" that the Park and Tree Commission of the City of Savannah had control, management and maintenance of the sidewalks and pavements of the park in which she was injured, and that the cement walk on which she fell was laid in 1903. After the evidence was all in the judge directed a verdict for the defendant, and plaintiff excepted.

Under the principle announced in the headnote to this case the court did not err in directing a verdict for the defendant.

Judgment affirmed. Broyles, C. J., and Luke, J., concur.